# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SIMONE PITTS, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:24-cv-11148-JEK |
| GIROLAMO DIPIERRO and GMB PROPERTY MANAGEMENT LLC, | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR REAL ESTATE ATTACHMENT AND DEFENDANTS' MOTION TO DISMISS

**KOBICK, J.**

Plaintiff Simone Pitts sued Girolamo DiPierro and his construction business, DiPierro Construction, Inc. ("DCI"), in September 2021 in Suffolk Superior Court for failing to properly rebuild her property's basement. She then filed this action in April 2024 after discovering that DiPierro had transferred his Boston condominium unit in December 2021 to his co-defendant in this case, GMB Property Management LLC, for nominal consideration. Pitts alleges that this condominium transfer violated M.G.L. c. 93A, §§ 2 and 11 and the Uniform Fraudulent Transfer Act ("UFTA"), M.G.L. c. 109A. She further seeks, under M.G.L. c. 214, § 3, to reach and apply the assets of GMB to satisfy any judgment she might obtain against DiPierro.

Pending before the Court is Pitts' motion for a prejudgment real estate attachment. That motion will be denied because, on the record presently before the Court, Pitts has not demonstrated that she is reasonably likely to succeed on the merits of her claims in this case. Separately, the defendants have moved to dismiss Pitts' complaint based on the prior pending action doctrine and for failure to state a claim. That motion will also be denied. The prior pending action doctrine does

not apply where, as here, a state action and a federal action—rather than two federal cases—are involved, and the defendants have not offered any cogent argument that the complaint fails to plausibly plead a claim for relief.

## BACKGROUND

The Court recounts the facts based on the allegations in the complaint and "the content of documents . . . sufficiently referenced in the complaint." *Bazinet v. Beth Israel Lahey Health, Inc.*, 113 F.4th 9, 15 (1st Cir. 2024). It also considers the declarations of Pitts and DiPierro for purposes of Pitts' motion for prejudgment attachment. *See* Mass. R. Civ. P. 4.1(h).

Pitts owns a residential property at 99 Pembroke Street in Boston, Massachusetts. ECF 1, ¶¶ 3, 6; ECF 4-1, ¶ 2. In February 2018, she agreed to pay DiPierro's general contracting business, DCI, $187,247.78 to convert her property's unfinished basement into livable space with a bedroom, bathroom, and patio. ECF 1, ¶¶ 7-9; ECF 4-1, ¶¶ 3-4. Over the next few years, DiPierro and DCI allegedly "failed to perform the contract in a workmanlike manner" by, most notably, "install[ing] an under slab drainage system with sump pits and sump pumps in the . . . basement." ECF 1, ¶¶ 12, 17. In May 2019, a geotechnical engineering firm retained by DiPierro—McPhail Associates, LLC—stated that the City of Boston prohibited such a system. *Id.* ¶¶ 13-17; *see* ECF 4-2. Yet DiPierro and DCI allegedly ignored McPhail's design recommendations and concealed them from Pitts. ECF 1, ¶¶ 13, 15, 17-18; ECF 4-1, ¶¶ 11, 16. Pitts claims that their failure to heed those recommendations has rendered her basement "uninhabitable and unusable" because it is "prone to flooding." ECF 1, ¶ 20; ECF 4-1, ¶ 18. Pitts terminated DiPierro in January 2021. ECF 4-1, ¶ 16.

In September 2021, Pitts filed a complaint in Suffolk Superior Court against DiPierro and DCI for breach of contract, negligence, and a violation of M.G.L. c. 93A. ECF 1, ¶ 21; *see* ECF 8-

4. Pitts estimates that fixing her basement will cost her another $365,000 in addition to the more than $330,000 that she has already spent. ECF 1, ¶¶ 11, 22; ECF 4-1, ¶¶ 18, 20; ECF 4-3, at 8. In her view, she is reasonably likely to recover judgment of over $400,000 against DiPierro in the state court action. ECF 1, ¶ 23.

Three months later, in December 2021, DiPierro transferred his condominium unit at 46 Upton Street in Boston, Massachusetts for $10 to defendant GMB, a limited liability company owned and controlled by DiPierro and his wife. ECF 1, ¶¶ 24, 31, 34; ECF 1-7; ECF 17. Pitts alleges that this amount constituted "nominal consideration" because DiPierro paid $270,000 for the property in 2006. ECF 1, ¶¶ 24-25; ECF 1-4.

On April 29, 2024, shortly after discovering DiPierro's property transfer, Pitts filed this three-count complaint against DiPierro and GMB. ECF 1, ¶ 24; ECF 4-1, ¶¶ 22-23. Count I alleges that the December 2021 transfer was fraudulent in violation of the UFTA, M.G.L. c. 109A, in part because DiPierro transferred his property to GMB—"an insider with actual intent to hinder, delay, and defraud" her—"without receiving reasonably equivalent value," even though he "believed, or reasonably should have believed, that as a result of [her] suit against them in Superior Court that he would likely incur debts beyond his ability to pay as they became due." ECF 1, ¶¶ 32-40. Count II asserts a claim for reach and apply under M.G.L. c. 214, § 3. ECF 1, ¶¶ 41-48. Count III claims that DiPierro "colluded with GMB for the purpose of hindering, delaying, and defrauding [Pitts] by fraudulently transferring the 46 Upton unit to GMB" in violation of M.G.L. c. 93A, §§ 2 and 11. ECF 1, ¶¶ 49-53.

One day later, Pitts filed a motion for a prejudgment real estate attachment against DiPierro and GMB. ECF 4. The defendants opposed that motion and moved to dismiss the complaint. ECF

3

7, 8. After Pitts opposed the motion to dismiss and the defendants filed their reply, the Court held a hearing and took the motions under advisement. ECF 12, 15, 21.

## DISCUSSION

**I.     Pitts' Motion for Real Estate Attachment.**

Pitts seeks a prejudgment real estate attachment of $400,000, which represents the sum she anticipates recovering in the underlying state court case. ECF 4, at 3. Federal Rule of Civil Procedure 64 "authorizes use of state prejudgment remedies." *Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 330 (1999). It states that, "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing . . . property to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64(a). Massachusetts law, in turn, provides that "[s]ubsequent to the commencement of any action under these rules, real estate, goods and chattels and other property may . . . be attached and held to satisfy the judgment for damages and costs which the plaintiff may recover." Mass. R. Civ. P. 4.1(a). The attachment may be approved "only after notice to the defendant and hearing and upon a finding by the court that there is a reasonable likelihood that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the amount of the attachment over and above any liability insurance shown by the defendant to be available to satisfy the judgment." Mass. R. Civ. P. 4.1(c); *see also* M.G.L. c. 223, § 42 ("All real and personal property," with some exceptions, "may be attached upon a writ of attachment in any action in which the debt or damages are recoverable, and may be held as security to satisfy such judgment as the plaintiff may recover[.]"). The plaintiff's request for prejudgment attachment must be supported by an affidavit that "set[s] forth specific facts sufficient to warrant the required findings." Mass. R. Civ. P. 4.1(h).

4

The "central question on the motion for approval of attachment is whether plaintiffs are likely to prevail on the merits and obtain damages in the necessary amount." *U.S. Fid. & Guar. Co. v. Arch Ins. Co.*, 578 F.3d 45, 52 (1st Cir. 2009) (quotation marks omitted). "This attachment relief is available only upon a finding of reasonable likelihood of success." *Sakab Saudi Holding Co. v. Aljabri*, 58 F.4th 585, 604 (1st Cir. 2023). The plaintiff must therefore "demonstrate (1) a reasonable likelihood of success on the merits and (2) a reasonable likelihood of recovering judgment equal to or greater than the amount of the attachment sought over and above any liability insurance shown by defendant to be available to satisfy judgment." *Safeguard Props. Mgmt., LLC v. Zoll*, No. 22-cv-11004-DJC, 2022 WL 16838781, at *1 (D. Mass. Nov. 8, 2022). If successful, prejudgment attachment "authoriz[es] the seizure of the real and personal property of the defendant to be held as security for any judgment the plaintiff may recover in the action." *Mullane v. Chambers*, 333 F.3d 322, 329 (1st Cir. 2003).

Pitts contends that she can establish a reasonable likelihood of success on her UFTA claim.[1] Under that statute, a creditor may bring such a claim if, among other things, the debtor made the transfer "with actual intent to hinder, delay, or defraud any creditor of the debtor" or "without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor . . . intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due." M.G.L. c. 109A, § 5(a). To assess actual intent, courts look to whether the following eleven nonexclusive factors are met:

> (1) the transfer or obligation was to an insider; (2) the debtor retained possession or control of the property transferred after the transfer; (3) the transfer or obligation was disclosed or concealed; (4) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit; (5) the transfer was of substantially all the debtor's assets; (6) the debtor absconded; (7) the debtor

---

[1] Pitts does not meaningfully rely on her reach and apply and Chapter 93A claims in support of her motion. *See* ECF 4, at 2-3.

removed or concealed assets; (8) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred; (9) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred; (10) the transfer occurred shortly before or shortly after a substantial debt was incurred; and (11) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

*Id.* § 5(b). "While the presence of a single badge of fraud may spur mere suspicion, the confluence of several can constitute conclusive evidence of an actual intent to defraud." *Weiler v. PortfolioScope, Inc.*, 469 Mass. 75, 90 (2014) (quotation marks omitted).

Pitts argues that factors one, two, four, and eight support her claim. She highlights that (1) DiPierro transferred the property to an insider, GMB, (2) which he and his wife own and control, (4) in December 2021, three months after Pitts filed suit against him in state court, and (8) for nominal consideration of $10, even though his condominium is likely worth hundreds of thousands of dollars. *See* ECF 1, ¶¶ 24-31, 34-37; ECF 1-7; ECF 4, at 3; ECF 4-1, ¶ 22; ECF 17. The defendants counter that factors three, five, six, seven, and nine counsel against finding a fraudulent transfer. They point out that DiPierro (6) has not absconded and attests in his declaration that (3) the transfer was published in the registry of deeds and was not concealed from anyone, (5) he has many other personal assets, and (9) the transfer did not make him insolvent or unable to pay future debts. ECF 15-1, ¶¶ 5-6, 8-9. DiPierro also attests that (7) he transferred the condominium to GMB, which holds his other investment properties, because he had stopped using the property, not to conceal his assets. *Id.* ¶¶ 4, 7. Pitts did not introduce evidence disputing any of these facts.

Considering the "totality of the evidence," the Court is not persuaded that Pitts is reasonably likely to succeed on her UFTA claim. *AngioDynamics, Inc. v. Biolitec AG*, 711 F.3d 248, 251 (1st Cir. 2013). On this record, four of the Section 5(b) factors favor Pitts, while five

favor the defendants. Although the determination whether a plaintiff has shown a likelihood of success on the merits under the UFTA is more than a mere counting exercise, DiPierro has averred under oath that the transfer of the condominium "was not done with an intent to conceal assets," but rather was undertaken openly because he had ceased using the condominium, so he transferred it to GMB, which holds his investment properties. ECF 15-1, ¶¶ 4, 7, 9. Pitts' circumstantial evidence to the contrary does not demonstrate that it is more likely than not that DiPierro had an "actual intent to hinder, delay, or defraud" her when he transferred his condominium to GMB. M.G.L. c. 109A, § 5(a)(1). *See Safeguard Props. Mgmt.*, 2022 WL 16838781, at *1 ("Sessions of this court have 'interpreted the [reasonable likelihood] standard as requiring that [the plaintiff] show that it is more likely than not, based on articulable reasons, that she will prevail on one or more of her claims.'" (quoting *LaRock v. Mardis Gras Ent., Inc.*, No. 20-cv-10083-KAR, 2021 WL 2116260, at *6 (D. Mass. Jan. 25, 2021))). Pitts relies on *Rodriguez v. Montalvo*, but in that case, the evidence supporting the UFTA claim was far more one-sided in favor of the plaintiff. *See* 371 F. Supp. 2d 3, 5-6 (D. Mass. 2005) (finding likelihood of success on UFTA claim where six factors favored the plaintiff and there was scant contrary evidence undercutting an inference of intent); *see also Santander Bank, N.A. v. Baldwin Realty, LLC*, No. 13-cv-13161-FDS, 2015 WL 13298074, at *2 (D. Mass. Feb. 25, 2015) (granting prejudgment attachment for fraudulent transfer claim where evidence uniformly favored the plaintiff). Because the Court cannot conclude, at this stage in the proceedings and based on the current record, that Pitts is reasonably likely to prevail on her UFTA claim, her motion for prejudgment real estate attachment will be denied.

## II.     **Defendants' Motion to Dismiss.**

### A.     The Prior Pending Action Doctrine Is Inapplicable.

Invoking the prior pending action doctrine, also known as the first-to-file rule, the defendants seek dismissal of this action in light of Pitts' earlier lawsuit against DiPierro and DCI in Suffolk Superior Court. The prior pending action doctrine "covers scenarios in which 'actions involving the same parties and similar subject matter are pending in different federal district courts' and 'the overlap between the two suits is nearly complete.'" *Maldonado-Cabrera v. Anglero-Alfaro*, 26 F.4th 523, 526 (1st Cir. 2022) (citation omitted). But that "'general principle . . . to avoid duplicative litigation' holds water only within the federal system." *Id.* at 527 (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). Where substantial overlap exists between the parties and issues in federal and state court actions, "'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" *Id.* (quoting *Colorado River*, 424 U.S. at 817). "Except when warranted by a doctrine of abstention or comity recognized by the Supreme Court, . . . a federal court is not free to surrender jurisdiction—whether by outright dismissal or by a stay—to a parallel state-court action without a sufficient showing of the required exceptional circumstances." *Id.* (citations omitted).

The first-to-file rule does not apply here because Pitts has filed lawsuits in federal and state court, not two actions in federal court. Nor do the defendants develop any argument that an abstention doctrine or exceptional circumstances warrant dismissal of this action in light of the pending state court case. The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a)(2), ECF 18, and it has a "'virtually unflagging obligation'" to exercise its jurisdiction in this case, *Maldonado-Cabrera*, 26 F.4th at 527 (quoting *Colorado River*, 424 U.S. at 817). The

defendants' motion to dismiss the complaint based on the prior pending action doctrine is, accordingly, denied.

      B.     <u>Defendants Fail to Address the Plausibility Standard.</u>

The defendants also argue that the complaint should be dismissed because Pitts fails to show a reasonable likelihood of success on her claims in this action. *See* ECF 8, at 6-10. But that is not the standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).[2] In evaluating such a motion, the Court must determine "'whether, construing the well-pleaded facts of the complaint in the light most favorable to the plaintif[f], the complaint states a claim for which relief can be granted.'" *Cortés-Ramos v. Martin-Morales*, 956 F.3d 36, 41 (1st Cir. 2020) (quoting *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 7 (1st Cir. 2011)). The complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

At the pleading stage, the inquiry is not, as the defendants maintain, whether Pitts' claims are reasonably likely to succeed but whether she has stated a plausible claim for relief. Because the defendants fail to develop any argument that the complaint does not plausibly allege violations of the UFTA and Chapter 93A and a claim for reach and apply, their motion is denied.

---

[2] The defendants do not identify which section of Federal Rule of Civil Procedure 12 they are invoking, but it appears to be Rule 12(b)(6).

## CONCLUSION AND ORDER

For the foregoing reasons, Pitts' motion for a prejudgment real estate attachment against the defendants, ECF 4, and the defendants' motion to dismiss the complaint, ECF 7, are DENIED.

SO ORDERED.

Dated: March 6, 2025

/s/ Julia E. Kobick
JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE